UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.:
04 10233 RCL

JONATHAN BEIJAR,

  Plaintiff,

v.

STANLEY FASTENING SYSTEMS, L.P.,

  Defendant.

RECEIPT # 53536
AMOUNT $150
SUMMONS ISSUED N/A
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY. CLK. TOM
DATE 2/3/04

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C, §§ 1441 and 1446, defendant Stanley Fastening Systems, L.P. ("Stanley") gives notice of removing this case from Massachusetts Superior Court, Bristol County where it is pending (*Jonathan Beijar v. Stanley Fastening Systems, L.P.*, Civil Action No. B04-00087) to the United States District Court for the District of Massachusetts. As grounds, Stanley states that there is complete diversity of citizenship and that the plaintiff ("Beijar") claims damages in excess of the statutory minimum for diversity jurisdiction. Specifically, Stanley states:

1. This is a product liability action to recover for personal injuries allegedly suffered by Jonathan Beijar. Suit was filed by Beijar on or about January 26, 2004, in Bristol Superior Court, Civil Action No. B04-00087.

2. Stanley first received a copy of the summons and complaint when it was served on January 26, 2004, less than thirty days from date of this notice.

1

3. Jurisdiction in this Court is grounded upon diversity jurisdiction pursuant to 28 U.S.C. § 1332. The plaintiff is a citizen of Bristol County, Massachusetts. The defendant, Stanley, is a citizen of Connecticut because it was incorporated in Connecticut. *See* 28 U.S.C. § 1332(c)(1). Stanley is also a citizen of Connecticut because its principal place of business and corporate headquarters is in New Britain, Connecticut. *See id.*

There are three tests recognized by the First Circuit to identify a corporation's principal place of business - the "nerve center" test, the "center of corporate activity" test and the "locus of the operations of the corporation" test. *Taber Partners, I. v. Merit Builders, Inc.*, 987 F.2d 57, 60-61 (1st Cir. 1993), *cert. denied*, 510 U.S. 823 (1993) (citation omitted). Under these tests, Stanley's principal place of business may be considered to be Connecticut or Rhode Island. *See, e.g., id.* at 63 (applying all three tests); *Rivera v. Pepsico Puerto Rico*, 936 F.Supp. 45, 47-48 (D.Puerto Rico 1996) (applying all three tests); *de Walker v. Pueblo Int'l Inc.*, 569 F.2d 1169, 1172 (1st Cir. 1978) (applying all three tests); *but see Caribbean Mushroom Co., Inc. v. Government Development Bank*, 980 F.Supp. 620, 626 (D.Puerto Rico 1997) (determining that the "center of corporate activity" test and the "locus of operations" test should be applied if and only if the "nerve center test" is not appropriate).

The "nerve center" test "searches for the location from which the corporation's activities are controlled and directed." *Taber Partners, I*, 987 F.2d at 60-61. Under this test, Stanley's principal place of business is Connecticut because decisions about Stanley's corporate activities are made at its corporate headquarters in New Britain, Connecticut. The "center of corporate activity" test seeks "the location of the corporation's day-to-day management." *Id.* Stanley's daily management and operating decisions are made at the headquarters located in New Britain, Connecticut. Thus, under this second test, Stanley's principal place of business is still Connecticut. Finally, the "locus of the operations of the corporation" test seeks the "location of the corporation's actual physical operations." *Id.* Under this test, Stanley's principal place of

business is Rhode Island because that is where its main physical plant is located. Thus, regardless of the test used, it is apparent that Stanley is not a citizen of Massachusetts.

Personal jurisdiction in Massachusetts was asserted over Stanley pursuant to the Massachusetts Long Arm Statute, M.G.L. c. 223A § 3.

4.  Plaintiff Jonathan Beijar claims an amount in controversy that exceeds $75,000.00. Specifically, on the Civil Action Cover Sheet filed by the plaintiff in Bristol Superior Court, the plaintiff alleges damages in the amount of $250,000.00.

5.  A copy of all process, pleadings and orders served upon Stanley or otherwise in its possession is attached hereto as Exhibit A.

          Respectfully submitted,
          Stanley Fastening Systems, L.P.,
          By its attorneys,

          _____
          Christopher A. Duggan
          BBO No. 544150
          David G. Braithwaite
          BBO No. 634013
          Smith & Duggan LLP
          Two Center Plaza
          Boston, MA 02108
          (617) 248-1900

Dated: January 30, 2004

## CERTIFICATE OF SERVICE

    I, David G. Braithwaite, hereby certify that I have caused a copy of the Notice of Removal to be served upon Scott W. Lang, Esq., Lang, Xifaras & Bullard, 115 Orchard Street, New Bedford, Massachusetts 02740 by first-class mail on January 30, 2004.

_____
David G. Braithwaite