UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.: 04-10233-RCL

JONATHAN BEIJAR,

    Plaintiff,

v.

STANLEY FASTENING SYSTEMS, L.P.

    Defendant.

## ANSWER AND JURY DEMAND

Stanley Fastening Systems, L.P. ("Stanley") answers the plaintiff's Complaint as follows:

### INTRODUCTION

Stanley denies the general allegations in this introductory paragraph. Further, Stanley denies that it manufactures or sells "nail guns." Stanley admits that it designs, manufactures, tests, and distributes pneumatic nailers.

### PARTIES

1. Stanley lacks sufficient information to admit or deny the allegations contained in Paragraph 1 of the Complaint.

1

2. Stanley admits that it maintains a facility at Route 2, Briggs Drive, East Greenwich, Rhode Island, but denies the remaining allegations in this paragraph. Stanley admits that it does business, and has distributed and continues to distribute products, in the Commonwealth.

3. Denied.

4. Stanley admits that jurisdiction is proper in this case but denies the allegations in this paragraph in all other respects.

## FACTS

5. Stanley lacks sufficient information to admit or deny the allegations contained in Paragraph 5 of the Complaint.

6. Stanley denies that it manufactures or sells "nail guns." Stanley admits that it designs, manufactures, tests, and distributes pneumatic nailers. Stanley lacks sufficient information to admit or deny the remaining allegations in this paragraph.

7. Stanley lacks sufficient information to admit or deny the allegations contained in Paragraph 7 of the Complaint.

8. Stanley lacks sufficient information to admit or deny the allegations contained in Paragraph 8 of the Complaint.

9. Stanley lacks sufficient information to admit or deny the allegations contained in Paragraph 9 of the Complaint.

10. Stanley lacks sufficient information to admit or deny the allegations contained in Paragraph 10 of the Complaint.

11. Stanley denies that it manufactures or sells "nail guns." Stanley admits that it designs, manufactures, tests, and distributes pneumatic nailers. Stanley lacks sufficient information to admit or deny the remaining allegations in this paragraph, as the nailer has not been made available to Stanley for inspection.

12. Stanley denies that it manufactures or sells "nail guns." Stanley admits that it designs, manufactures, tests, and distributes pneumatic nailers. Stanley lacks sufficient information to admit or deny the remaining allegations in this paragraph, as the nailer has not been made available to Stanley for inspection.

13. Stanley denies that it manufactures or sells "nail guns." Stanley admits that it designs, manufactures, tests, and distributes pneumatic nailers. Stanley lacks sufficient information to admit or deny the remaining allegations in this paragraph, as the nailer has not been made available to Stanley for inspection.

14. Denied.

15. Stanley denies that it manufactures or sells "nail guns." Stanley admits that in some states warranties are implied by law and Stanley states that the tool owned by plaintiff's employer complied with all warranties. Stanley denies the remaining allegations in this paragraph.

16. Denied.

17. Denied.

18. Denied.

19. Stanley denies that it manufactures or sells "nail guns." Stanley admits that it marketed, sold and distributed pneumatic tools for use by the general public. Stanley lacks sufficient information to admit or deny the remaining allegations in this paragraph.

20. Denied.

21. Denied.

22. Denied.

23(a)-(g). Stanley lacks sufficient information to admit or deny the allegations contained in Paragraph 23(a)-(g) of the Complaint.

24. Denied.

## CAUSES OF ACTION

### First Cause of Action - Negligence

25. Stanley repeats its responses to Paragraphs 1-24 of the Complaint.

26. Stanley states that this paragraph contains a legal allegation that does not require a response. To the extent an answer is required, Stanley denies any negligence, and further states that it lacks sufficient information to admit or deny the remaining allegations in this paragraph.

### Second Cause of Action - Breach of Implied Warranty of Merchantability

27. Stanley repeats its responses to Paragraphs 1-26 of the Complaint.

28. Stanley states that this paragraph contains a legal allegation that does not require a response. To the extent an answer is required, Stanley denies it breached any warranties.

### Third Cause of Action - Breach of Implied Warranty of Fitness for a Particular Purpose

29. Stanley repeats its responses to Paragraphs 1-28 of the Complaint.

30. Stanley states that this paragraph contains a legal allegation that does not require a response. To the extent an answer is required, Stanley denies it breached any warranties.

## DEMAND FOR RELIEF

Stanley denies that the plaintiff is entitled to the relief sought.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

Plaintiff's injuries were caused by his own negligence. Wherefore, plaintiff's recovery is barred or is subject to reduction.

### THIRD DEFENSE

Plaintiff's injuries were caused by the intervening and superseding acts or omissions of others which were not reasonably foreseeable to Stanley at the time of sale and which are the sole proximate cause of plaintiff's injuries.

### FOURTH DEFENSE

Plaintiff unreasonably used a product known to be in a defective and dangerous condition and, therefore, his recovery is barred.

### FIFTH DEFENSE

Plaintiff was not using the product in a reasonably foreseeable manner at the time of the alleged injury. Wherefore, recovery by the plaintiff is barred.

### SIXTH DEFENSE

Plaintiff is barred from recovery under his Second and Third Causes of Action (Counts) because he failed to provide reasonable, prompt notice to Stanley of the alleged defect in the product or of the alleged injury, and Stanley has been prejudiced thereby.

### SEVENTH DEFENSE

Plaintiff is barred from recovery because the sole proximate cause of his damages lies with a party other than Stanley, for whose conduct Stanley is not legally responsible.

### EIGHTH DEFENSE

Plaintiff is barred from recovery because he failed to maintain or protect the product and other important evidence, and Stanley has been prejudiced thereby.

### **JURY DEMAND**

Stanley hereby demands a jury trial on all issues so triable.

WHEREFORE, Stanley requests that this Court:

1. Order judgment entered for this defendant; and

2. Grant such other relief and further relief as the Court deems just and proper.

Respectfully submitted,
Stanley Fastening Systems, L.P.,
By its attorneys,

_____
Christopher A. Duggan
BBO No. 544150
David G. Braithwaite
BBO No. 634013
Smith & Duggan LLP
Two Center Plaza
Boston, MA 02108
(617) 248-1900

Dated: February 17, 2004

## CERTIFICATE OF SERVICE

I, David G. Braithwaite, hereby certify that I have caused a copy of the Answer and Jury Demand to be served upon Scott W. Lang, Esq., Lang, Xifaras & Bullard, 115 Orchard Street, New Bedford, Massachusetts 02740 by first-class mail on February 17, 2004.

_____
David G. Braithwaite

7

# SMITH & DUGGAN LLP

ATTORNEYS AT LAW

TWO CENTER PLAZA
BOSTON, MA 02108-1906
TELEPHONE: (617) 248-1900
FACSIMILE: (617) 248-9320

David G. Braithwaite

David.Braithwaite@SmithDuggan.com

February 17, 2004

*Via Hand Delivery*

Civil Clerk's Office
United States District Court
Moakley U.S. Courthouse
1 Courthouse Way
Boston, MA 02210

    Re:    *Beijar v. Stanley Fastening Systems, L.P.*
             *C.A. No. 04-10233-RCL*

Dear Sir/Madam:

Enclosed for filing please find the following document:

1.    Answer and Jury Demand.

Thank you for your attention to this matter.

                              Very truly yours,

                              David G. Braithwaite

Enclosure

cc:    Scott W. Lang, Esq. (via U.S. Mail, w/enclosure)