Commonwealth of Massachusetts
BRISTOL SUPERIOR COURT
Case Summary
Civil Docket

## BRCV2004-00087
### Beijar v Stanley Fastening Systems, L.P.

RCL

| | | | |
|---|---|---|---|
| **File Date** | 01/26/2004 | **Status** | Disposed: transferred to other court (dtrans) |
| **Status Date** | 02/17/2004 | **Session** | B - CtRm 2 - (Fall River) |
| **Origin** | 1 | **Case Type** | B05 - Products liability |
| **Lead Case** | | **Track** | A |

| | | | | | |
|---|---|---|---|---|---|
| **Service** | 04/25/2004 | **Answer** | 06/24/2004 | **Rule12/19/20** | 06/24/2004 |
| **Rule 15** | 04/20/2005 | **Discovery** | 03/16/2006 | **Rule 56** | 05/15/2006 |
| **Final PTC** | 09/12/2006 | **Disposition** | 01/25/2007 | **Jury Trial** | Yes |

### PARTIES

**Plaintiff**
Jonathan Beijar
17 Willis Street
New Bedford, MA 02740
Active 01/26/2004

**Private Counsel 285720**
Scott W Lang
Lang Xifaras & Bullard
115 Orchard Street
New Bedford, MA 02740
Phone: 508-992-1270
Fax: 508-993-8696
Active 01/26/2004 Notify

**Defendant**
Stanley Fastening Systems, L.P.
Route 2 Briggs Drive
East Greenwich, RI 02818
Active 02/17/2004

**Private Counsel 544150**
Christopher A Duggan
Smith & Duggan
2 Center Plaza, Suite 620
Boston, MA 02108-1906
Phone: 617-248-1900
Fax: 617-248-9320
Active 02/06/2004 Notify

**Private Counsel 634013**
David G Braithwaite
Smith & Duggan
2 Center Plaza, Suite 620
Boston, MA 02108-1906
Phone: 617-248-1900
Fax: 616-248-9320
Active 02/06/2004 Notify

**Other interested party**
FILE COPY
Active 01/26/2004

### ENTRIES

| Date | Paper | Text |
|---|---|---|
| 01/26/2004 | 1.0 | Complaint & civil action cover sheet filed |
| 01/26/2004 | | Origin 1, Type B05, Track A. |

MAS-20031-124  
aguiarka

02/17/2004  
08:52 AM

**Commonwealth of Massachusetts**
**BRISTOL SUPERIOR COURT**
Case Summary
Civil Docket

## BRCV2004-00087
### Beijar v Stanley Fastening Systems, L.P.

| Date | Paper | Text |
|---|---|---|
| 02/06/2004 | 2.0 | Notice for Removal to the United States District Court filed by Stanley Fastening Systems, L.P. |
| 02/17/2004 | | Case REMOVED this date to US District Court of Massachusetts with (04 10233 RCL) endorsement thereon |

### EVENTS

| Date | Session | Event | Result |
|---|---|---|---|
| 01/26/2004 | CtRm Main - (Taunton) | Status: by clerk<br>Initial one trial review | Event held as scheduled |

A True Copy By Photostatic Process
Attest:

_____
Asst. Clerk of Courts

COMMONWEALTH OF MASSACHUSETTS

JAN 2 6 2004

Bristol, ss.

SUPERIOR COURT
DEPARTMENT OF
THE TRIAL COURT

JONATHAN BEIJAR,

Plaintiff

v.

Civil Action No. 04-0087

STANLEY FASTENING SYSTEMS, L.P.
Defendant

# COMPLAINT

## INTRODUCTION

The Plaintiff, Jonathan Beijar's claims against the Defendant, Stanley Fastening Systems, L.P., are brought pursuant to Massachusetts General Laws, Chapter 152, Section 15 for a personal injury sustained on February 1, 2001. The Plaintiff claims that this injury, caused by a roofing nail spontaneously fired by a nail gun, through his sternum, piercing his right ventricle and lodging into his heart, was the direct and proximate result of the negligent conduct of the Defendant, Stanley Fastening Systems, L.P., the Defendant, Stanley Fastening Systems, L.P.'s breach of warranties, and the defective condition of the Defendant, Stanley Fastening Systems, L.P.'s product.

## PARTIES

1. The Plaintiff, Jonathan Beijar, resides at 17 Willis Street, New Bedford, Bristol County, Massachusetts.

2. The Defendant, Stanley Fastening Systems, L.P. is a foreign limited partnership authorized to do business in Massachusetts, with a business address at Route 2, Briggs Drive, East Greenwich, Rhode Island, and was at all material times doing

A True Copy By Photostatic Process
Attest:
_____
Asst. Clerk of Courts

2

business within the Commonwealth of Massachusetts. The Defendant, Stanley Fastening Systems, L.P., at all material times, has distributed and continues to distribute, products in the Commonwealth of Massachusetts.

3. This Complaint is being brought pursuant to Massachusetts General Laws, Chapter 152, Section 15.

4. The Court has jurisdiction over the Defendant, Stanley Fastening Systems, L.P., pursuant to the Massachusetts Long Arm Statute, G.L. c. 223A, § 3. The Defendant, Stanley Fastening Systems, L.P., transacts business in the Commonwealth and maintains sufficient "minimum contacts" to establish personal jurisdiction consistent with the due process clause of the Fourteenth Amendment. The Plaintiff's causes of action against the Defendant, Stanley Fastening Systems, L.P., arise from the Defendant, Stanley Fastening Systems, L.P.'s:

   a. transacting business in the Commonwealth of Massachusetts;
   b. contracting to supply services or things in the Commonwealth of Massachusetts;
   c. causing tortious injury by an act or omission in the Commonwealth of Massachusetts;
   d. causing tortious injury in the Commonwealth of Massachusetts by an act or omission outside of the Commonwealth of Massachusetts and regularly doing business and engaging in other persistent courses of conduct, and deriving substantial revenue from goods used or consumed or services rendered in the Commonwealth of Massachusetts; and/or

3

  e. having an interest in, using or possessing real property in the Commonwealth of Massachusetts.

## FACTS

5. On or about February 1, 2001, the Plaintiff, Jonathan Beijar, was working as an employee for Care Free Homes, Inc., as a laborer, and performing his duties in Barnstable, Massachusetts.

6. On or about February 1, 2001, the Plaintiff, while in the exercise of due care, while working, was severely injured, when a nail gun (hereinafter referred to as "the nail gun") fell from an overhead staging plank as the Plaintiff was walking on the ground in the area below the staging. As the Plaintiff attempted to avoid being struck by the nail gun, the barrel of the nail gun struck the Plaintiff's chest and spontaneously discharged, firing a three and a half inch roofing nail through his sternum, piercing his right ventricle, and lodging into his heart.

7. The Plaintiff was rushed to Cape Cod Hospital, and from there was airlifted to Boston Medical Center.

8. He underwent emergency open heart surgery at Boston Medical Center.

9. The Plaintiff was disabled from February 1, 2001 until he returned to work in the fall of 2003.

10. The Plaintiff received Workers' Compensation benefits under Massachusetts General Laws, Chapter 152, as a result of the February 1, 2001 accident.

11. The nail gun bore a label stating, "Bostitch, Stanley Fastening Systems, Briggs Drive, East Greenwich; Collation Type: Wire Weld; Fastener Length: 2"-3-1/2"."

12. The Defendant, Stanley Fastening Systems, L.P., Stanley Fastening Systems,

4

L.P., designed, developed, inspected, assembled, tested, manufactured, marketed, distributed, sold and provided instructions and warnings for the nail gun.

13. The Defendant, Stanley Fastening Systems, L.P., was and is a merchant with respect to the nail gun, having for a long period of time been in the business of designing, developing, inspecting, assembling, testing, manufacturing, marketing, distributing, selling and providing instructions and warnings for the product which injured the Plaintiff.

14. The Defendant, Stanley Fastening Systems, L.P., was negligent and/or careless with respect to the Plaintiff in that the nail gun or its component parts were negligently and carelessly developed, designed, inspected, assembled, marketed, sold, distributed, tested, serviced, maintained, repaired and provided with instructions and warnings.

15. The Defendant, Stanley Fastening Systems, L.P., its servants, agents, or employees under persons for whom it is and/or was legally responsible, impliedly warranted that the nail gun and its component parts were safe, of merchantable quality, and fit for any ordinary or reasonable purpose contemplated for their use.

16. The Defendant, Stanley Fastening Systems, L.P., had reason to know the particular purpose for which the goods were required and that the Plaintiff was relying on the Defendant, Stanley Fastening Systems, L.P.'s skill and judgment to furnish such goods.

17. The Defendant, Stanley Fastening Systems, L.P., knew or should have known that the nail gun and its component parts were not safe and of merchantable

5

quality, were defective, and were not fit for their particular purpose, which defect could not have been reasonably discovered by the Plaintiff.

18. The Defendant, Stanley Fastening Systems, L.P., knew or should have known that the nail gun or its component parts were of a dangerous nature and in a dangerous condition.

19. The Defendant, Stanley Fastening Systems, L.P., marketed, sold or distributed the nail gun in a manner that it foresaw or should have foreseen would likely bring the nail gun into contact with a person such as the Plaintiff.

20. The Defendant, Stanley Fastening Systems, L.P., had a duty to ensure that the nail gun would not discharge without being deliberately engaged to discharge.

21. The particular purpose for the nail gun was known to the Defendant, Stanley Fastening Systems, L.P.

22. As a direct and proximate result of the negligence, carelessness, and breaches of warranty of the Defendant, Stanley Fastening Systems, L.P., on or about February 1, 2001, the Plaintiff, Jonathan Beijar, sustained serious personal injuries.

23. As a direct and proximate result of the injuries that he sustained in the February 1, 2001 industrial accident, the Plaintiff (a) was caused to incur and will continue to incur substantial medical expenses; (b) was caused to be disabled and will continue to be disabled in the future; (c) was caused and will continue to be caused great pain of body and mind; (d) was caused to be disfigured and will continue to be disfigured in the future; (e) was caused and will continue to be **caused to be unable to work and to suffer a loss of earning capacity and lost**

6

wages; (f) was caused to incur significant out of pocket expenses; and (g) was caused and will continue to be caused curtailment of normal activities and loss of his enjoyment of life.

24. Due notice has been given to the Defendant, Stanley Fastening Systems, L.P., of any and all breaches of warranty.

## CAUSES OF ACTION

### First Cause of Action - Negligence

25. The Plaintiff, Jonathan Beijar, repeats and realleges the allegations contained in paragraphs 1 through 24 of the Complaint, incorporating them herein by reference.

26. This is an action by the Plaintiff, Jonathan Beijar, against the Defendant, Stanley Fastening Systems, L.P., for negligence for damages suffered by Jonathan Beijar, including but not limited to, conscious pain and suffering and great pain of body and mind, lost wages, loss of earning capacity, medical expenses, and loss of enjoyment of life.

### Second Cause of Action – Breach of Implied Warranty of Merchantability

27. The Plaintiff, Jonathan Beijar, repeats and realleges the allegations contained in paragraphs 1 through 26 of the Complaint, incorporating them herein by reference.

28. This is an action by the Plaintiff, Jonathan Beijar, against the Defendant, Stanley Fastening Systems, L.P., for breach of an implied warranty of merchantability.

### Third Cause of Action – Breach of Implied Warranty of Fitness for a Particular Purpose

29. The Plaintiff, Jonathan Beijar, repeats and realleges the allegations contained in

7

paragraphs 1 through 28 of the Complaint, incorporating them herein by reference.

30. This is an action by the Plaintiff, Jonathan Beijar, against the Defendant, Stanley Fastening Systems, L.P., for breach of an implied warranty of fitness for a particular purpose resulting in the injury of the Plaintiff, Jonathan Beijar.

## DEMAND FOR RELIEF

The Plaintiff, Jonathan Beijar, demands judgment against the Defendant, Stanley Fastening Systems, L.P., in an amount which will fairly and adequately compensate him for his damages, plus interest, costs, and such other relief as the Court may deem appropriate, as to Counts One, Two and Three.

## JURY CLAIM

THE PLAINTIFF CLAIMS A TRIAL BY JURY.

JONATHAN BEIJAR
By his attorney,

Scott W. Lang, Esquire BBO #285720
Lang, Xifaras & Bullard
115 Orchard Street
New Bedford, MA  02740
(508) 992-1270

Dated: January 22, 2004

| CIVIL ACTION COVER SHEET | DOCKET NO. B04-0008? | Trial Court of Massachusetts Superior Court Department County: Bristol |
|---|---|---|

| PLAINTIFF(S) | DEFENDANT(S) |
|---|---|
| JONATHAN BEIJAR | STANLEY FASTENING SYSTEMS, L.P. |
| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE | ATTORNEY (if known) |
| Scott W. Lang, Esq., Lang, Xifaras & Bullard, 115 Orchard St., New Bedford, MA 02740 Board of Bar Overseers number: 285720   Tel.: JAN 26 2004 | |

**Origin code and track designation**

Place an x in one box only:
- [x] 1. F01 Original Complaint
- [ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
- [ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)
- [ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
- [ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
- [ ] 6. E10 Summary Process Appeal (X)

**TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)**

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| B05 | Products Liability | ( A ) | (xx) Yes   ( ) No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

**TORT CLAIMS**
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses ........................................................... $ 20,000.00
2. Total Doctor expenses ............................................................ $ 8,345.00
3. Total chiropractic expenses ..................................................... $
4. Total physical therapy expenses ............................................... $ 4,000.00
5. Total other expenses (describe) ............................................... $ 7,655.68
   Radiology Services, Ambulance, Med. Flight, Pharmacy     Subtotal $ 40,000.68
B. Documented lost wages and compensation to date ............................... $ 54,615.88
C. Documented property damages to date .......................................... $ 0.
D. Reasonably anticipated future medical and hospital expenses .................. $ 10,000.00
E. Reasonably anticipated lost wages ............................................ $ 25,000.00
F. Other documented items of damages (describe)
                                                                                $
G. Brief description of plaintiff's injury, including nature and extent of injury (describe)

The Plaintiff sustained serious injuries to his chest and heart, including cardiac trauma, when a nail fired from a nail gun through his sternum, piercing his right ventricle and lodging into his heart. The Plaintiff also sustained serious psychological injuries as a result of the trauma, as well as disfigurement to his chest.

$ 120,399.32
TOTAL $ 250,000.00

**CONTRACT CLAIMS**
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):




TOTAL $. . . . . . . . . . . .

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record _____   DATE: 1/23/2004

AOTC-6 mtc005-11/99
A.O.S.C. 1-2000