UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.: 04-10233-RCL

| | |
|---|---|
| JONATHAN BEIJAR,<br><br>　　　　Plaintiff,<br><br>v.<br><br>STANLEY FASTENING SYSTEMS, L.P.<br><br>　　　　Defendant. | |

### JOINT MOTION TO PRESERVE NAILER AND TO PERMIT INSPECTION AND NON-DESTRUCTIVE TESTING

Defendant Stanley Fastening Systems, L.P. ("Stanley") and Plaintiff Jonathan Beijar ("Beijar"), jointly move that this Court issue an order compelling Care Free Home, Inc. and/or its owner/president, Wayne Edwards, to produce the pneumatic nailer ("nailer") that plaintiff alleges caused his injuries on February 1, 2001. More specifically, the parties seek an order that Care Free Home, Inc. and/or Wayne Edwards (1) produce the nailer to Stanley and Beijar for inspection, (2) permit Stanley and Beijar to conduct non-destructive testing on the nailer, and (3) preserve the nailer until the conclusion of this litigation. As grounds therefor, the parties state:

1. This is a products liability case in which Beijar alleges that on February 1, 2001, while in the employ of Care Free Homes, Inc., he was injured when a pneumatic nailer manufactured by Stanley discharged a nail into his chest.

2. The nailer was owned by Care Free Homes and, the parties are informed, is currently held by Care Free Homes or Edwards, its president.

3. Both of the parties have requested that Care Free Home, Inc. or Edwards make the nailer available for inspection and non-destructive testing. Care Free Home, Inc. and/or Wayne Edwards have refused to make the nailer available for testing absent a court order.

4. For example, on January 29, 2004, just after learning of the claim, counsel for Stanley spoke with Vincent N. Cragin, Esq., counsel for Care Free Homes and Edwards, and requested that the nailer be made available for examination at the owners' convenience.

5. Mr. Cragin refused to state whether or not the tool still existed or whether either of his clients had the nailer and suggested that Stanley obtain a court order to obtain the nailer, assuming it can be identified.

6. On January 30, 2004, counsel for Stanley wrote to Mr. Cragin, as counsel for Care Free Homes and Edwards and offered to purchase the tool at a fair price. A copy of this letter is attached to the Affidavit of Christopher A. Duggan.

7. Mr. Cragin has never responded to this letter.

8. Care Free Homes and Edwards have made it clear that they will not provide the nailer for inspection or even reveal if it has been preserved without a court order.

9. Obviously, the nailer is a critical piece of evidence in this products liability case. It is essential for both parties that the nailer be preserved, and that their experts be permitted to inspect the nailer and conduct appropriate testing.

WHEREFORE, the parties jointly request that this Court issue an order to Care Free Home, Inc., and/or Wayne Edwards that either or both of them (1) produce the nailer to counsel for Stanley for preservation and inspection, (2) permit Stanley and Beijar to conduct appropriate testing on the nailer, and (3) permit Stanley to hold the nailer in a secure manner until the nailer until the conclusion of this litigation.

A proposed Order is attached as Exhibit A.

| | |
|---|---|
| Respectfully submitted,<br>Jonathan Beijar,<br>By his attorneys, | Respectfully submitted,<br>Stanley Fastening Systems, L.P.,<br>By its attorneys, |

Scott W. Lang (/AD)
_____
Scott W. Lang
BBO No. 285720
Lang, Xifaras & Bullard
115 Orchard Street
New Bedford, MA 02740
(508) 992-1270

_____
Christopher A. Duggan
BBO No. 544150
David G. Braithwaite
BBO No. 634013
Smith & Duggan LLP
Two Center Plaza
Boston, MA  02108
(617) 248-1900

### CERTIFICATE OF SERVICE

I, Christopher A. Duggan, hereby certify that I have caused a copy of the foregoing motion to be served upon Scott W. Lang, Esq., Lang, Xifaras & Bullard, 115 Orchard Street, New Bedford, Massachusetts 02740 by first-class mail on March 2, 2004.

_____
Christopher A. Duggan