UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.: 04-10233-RCL

JONATHAN BEIJAR,

    Plaintiff,

v.

STANLEY FASTENING SYSTEMS, L.P.

    Defendant.

## JOINT CONFERENCE STATEMENT PURSUANT TO LR 16.1

I.    Proposed Agenda for Scheduling Conference

    A.    Discovery Schedule

    B.    Motion Schedule

    C.    Use of Magistrate Judge

II.    Parties' Concise Statements

    A.    Plaintiff's Concise Statement of the Case

The Plaintiff, Jonathan Beijar, brings his claims against the Defendant, Stanley Fastening Systems, L.P., pursuant to Massachusetts General Laws, Chapter 152, Section 15, for a personal injury sustained in the course of his employment. On February 1, 2001, the Plaintiff was severely injured while working as a laborer for his employer, Care Free Homes, Inc., at a home construction job site in Barnstable, Massachusetts. When the Plaintiff was walking on the ground underneath an overhead plank, a nail gun fell from the plank and struck the Plaintiff's chest. As the Plaintiff attempted to avoid being struck by the nail gun, the barrel of the nail gun struck the Plaintiff's chest and spontaneously discharged, firing a three and a half inch roofing nail through his sternum, piercing his right ventricle, and lodging into his heart.

The nail gun was designed, developed, inspected, assembled, tested, manufactured, marketed, distributed, and/or sold by the Defendant, Stanley Fastening Systems, L.P. The Plaintiff asserts that the Defendant, Stanley Fastening Systems, L.P., owed him a duty of care and that his injuries were caused by the Defendant, Stanley Fastening Systems, L.P.'s (a) negligence and gross negligence in the design, development, inspection, assembly, testing, manufacture, marketing, distribution, and/or sale of the nail gun; (b) negligence and gross negligence in failing to provide adequate instructions and warnings for the nail gun; and (c) breaches of warranties with respect to the nail gun. As to his breach of warranty claims, the Plaintiff states that (a) the Defendant warranted that the nail gun and its component parts were safe, of merchantable quality, and fit for any ordinary or reasonable purpose contemplated for their use, and for the particular purpose of their use in home construction, and (b) the Defendant breached these warranties when the nail gun spontaneously discharged and injured the Plaintiff without having been deliberately engaged to discharge a nail.

As a direct and proximate result of the injuries that he sustained in the February 1, 2001 industrial accident, the Plaintiff (a) was caused to incur medical expenses of approximately $40,000 and will continue to incur substantial medical expenses; (b) was caused to be disabled and will continue to be disabled in the future; (c) was caused and will continue to be caused great pain of body and mind; (d) was caused to be disfigured and will continue to be disfigured in the future; (e) was caused to be unable to work and suffered a loss of earning capacity and lost wages; (f) was caused to incur significant out of pocket expenses; and (g) was caused and will continue to be caused curtailment of normal activities and loss of his enjoyment of life. Under Massachusetts General Laws Chapter 152, Section 15, Care Free Homes, Inc.'s Workers Compensation insurer has a lien of approximately $40,000 in this case. The Plaintiff is seeking $250,000.00 in compensation for these damages

B.   Stanley Fastening Systems, L.P.'s Concise Statement of the Case

Stanley Fastening Systems, L.P. ("Stanley") does not know how the plaintiff was injured or what tool the plaintiff was using when he was injured. Stanley denies that a pneumatic nailer it manufactured caused the plaintiff's injuries. Stanley states that the pneumatic nailers it manufactures are safe, of merchantable quality, and fit for any ordinary or reasonable purpose contemplated for their use. Stanley denies it was negligent or breached any warranties.

III.   Joint Discovery Plan

    A.   Amendment to pleadings: 4/30/04

    B.   Discovery served & answered by: 9/15/04

        Interrogatories: 25
        Request for production of documents: 2 sets
        Requests to admit: 25
        Depositions: max. 10 each (not including experts or keeper of records)

    C.   Non-expert depositions completed by: 10/29/04

    D.   Plaintiff's trial experts disclosed by: 11/30/04

    E.   Defendant's trial experts disclosed by: 12/31/04

    F.   Depositions of plaintiff's experts completed by: 2/15/05

    G.   Depositions of defendant's experts completed by: 3/15/05

    H.   Dispositive motions filed by: 3/31/05

    I.   Oppositions to dispositive motions due by 4/29/05

    J.   Settlement conference held by: 6/15/05

    K.   Final pre-trial conference held by: 7/15/05

    L.   Trial: Post - 7/18/05

IV.   Proposed Schedule for Filing of Motions

    A.   See Section III.

V.  Certifications of Counsel and Authorized Representative of Each Party

To be submitted by the parties at or before the March 25, 2004 Scheduling Conference.

Respectfully submitted,
Stanley Fastening Systems, L.P.,
by its attorney,

_____
Christopher A. Duggan
BBO No.: 544150
David G. Braithwaite
BBO No.: 634013
SMITH & DUGGAN LLP
Two Center Plaza
Boston, MA 02108
(617) 248-1900

Date: March 17, 2004

Jonathan Beijar,
by his attorney,

_____
Scott W. Lang
BBO No. 285720
Lang, Xifaras & Bullard
115 Orchard Street
New Bedford, MA 02740
(508) 992-1270