UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.: 04-10233-RCL

JONATHAN BEIJAR,

    Plaintiff,

v.

STANLEY FASTENING SYSTEMS, L.P.

    Defendant.

### AGREED-TO PROTECTIVE ORDER

Stanley Fastening Systems, L.P. ("Stanley"), contends that certain documents, materials, and information are, in whole or in part, confidential, competitively sensitive, and proprietary to Stanley, and will only be produced under a protective order.

1.    As used in this order, "document" shall refer to any written, printed, typed, filmed, recorded, or graphic matter, however produced or reproduced, of any kind or description.

2.    As used in this order, "confidential material" shall refer to any document that contains information that Stanley claims is confidential, competitively sensitive, or proprietary. "Confidential material" shall also refer to the information contained in documents or other written or oral discovery responses.

3.    Stanley may designate any material referred to in paragraph 2 above as

1

"confidential material." The designation of "confidential material" may be made by placing or affixing thereon the word "CONFIDENTIAL." Any material containing such notice, and the information contained in such material, shall be confidential and shall be securely maintained in accordance with the terms of this agreement.

4.  The parties to this agreement and their counsel shall not give, show, or otherwise divulge any "confidential material," or the contents of substance thereof, or any copies, prints, negatives, listings, or verbatim summaries of the information to any person or entity except the following persons: (1) experts retained in connection with this litigation; (2) consultants retained in connection with this litigation; and (3) attorneys in the employ of the parties and such attorneys' employees.

5.  Experts retained in connection with this litigation, consultants retained in connection with this litigation, and employees of any attorney retained by a party shall first be advised in writing by the attorney making the disclosure of the following: (1) pursuant to this order such person may not divulge any such confidential material to any other person; (2) such information shall be used only for purposes of this litigation; (3) such information shall not be used for any other purpose whatsoever, including but not limited to commercial advantage or gain, whether in competition with Stanley or otherwise; (4) such person shall make a reasonable effort to keep the confidential material secure; (5) all written extracts or duplications from disclosed documents, including but not limited to abstracts, summaries, descriptions, lists, synopses, or other writings shall be returned to the distributing attorney upon request; and (6) improper disclosure of any "confidential material" obtained under this agreement shall subject the

offending party to sanctions as the Court deems appropriate. Prior to disclosing any material marked "confidential" to any witness employed by a party or any expert retained by a party, the disclosing party shall provide the person with a copy of this protective order, and the person shall execute the Non-Disclosure Agreement attached hereto as Exhibit A, a copy of which shall be furnished to all counsel.

6. It is the responsibility of the counsel receiving the "confidential material" to notify all other persons authorized to receive the "confidential material" under this order, of the information contained in Paragraph 5.

7. No party shall, for any purpose, disclose or make use of any "confidential material" obtained pursuant to pretrial discovery in this action except in accordance with this order.

8. In the event that any copy of any "confidential material" is included with, or the contents thereof are in any way disclosed in any pleading, motion, deposition transcript, or other document to be filed with the Clerk of this Court, such document shall be furnished only to the Court and to the attorneys for the named parties under the terms of this order, and shall be filed in accordance with the impoundment provisions of LR 7.2 and the requirements set forth in Section IV, "Motions for Protective Orders," contained in the Court's February 23, 2004 Notice of Scheduling Conference and Additional Matters. A duplicate copy of such document, with the confidential material deleted, may be placed in the public record. To the extent any party desires to have the confidential material contained in such documents placed in the public record, Stanley shall be afforded reasonable opportunity to seek additional protection of the confidential material

prior to the documents being placed in the public record.

9. Any pleading, motion, deposition transcript, or other document filed with the Clerk of this Court, which contains confidential material and is filed in accordance with LR 7.2, shall be retrieved by the party who made the filing within 30 days after the final termination of this litigation. The failure of a party who filed any document containing confidential material to retrieve the confidential material(s) from the Clerk of the Court's office within 30 days after the final termination of this litigation shall result in the imposition of sanctions against the offending party as the Court deems appropriate.

10. Upon final termination of this action, all of the original "confidential materials" and all copies thereof within the possession of the parties hereto shall be returned to counsel for Stanley within 30 days. All written extracts from such documents, including but not limited to abstracts, summaries, descriptions, lists, synopses, or other writings, prepared by persons whose assistance is required in the preparation for trial of this action that reflect or reveal the contents of such documents shall also be delivered to counsel for Stanley within 30 days.

11. The improper disclosure of any confidential documents, materials or information obtained under this agreement or any other violation of this agreement by any person or entity shall render the offending person or entity subject to such sanctions as the kind and type of relief in favor of or against Stanley that the Court may order.

12. After final termination of this litigation, the provisions of this order relating to confidential material shall continue to be binding, except with respect to documents and information which have become a matter of public record.

13. None of the parties to this action, their counsel or any of the other persons or entities who have agreed to be bound by the terms of this agreement shall hereafter make any motion or take any other action whatsoever to limit, vacate, or otherwise modify or terminate the effect of this agreement absent good cause shown to the Court.

Dated: March 25, 2004

_____
(Lindsay, J.)

_____
Scott W. Lang
BBO No.: 285720
Lang, Xifaras & Bullard
115 Orchard Street
New Bedford, MA 02740
(508) 992-1270

Attorney for Plaintiff Jonathan Beijar

_____
Christopher A. Duggan
BBO No.: 544150
David G. Braithwaite
BBO No.: 634013
Smith & Duggan LLP
Two Center Plaza
Boston, MA  02108
(617) 248-1900

Attorneys for Stanley Fastening Systems, L.P.

# EXHIBIT "A"

## NON-DISCLOSURE AGREEMENT

I, _____, do solemnly swear and affirm that I have read and am familiar with the terms and provisions of the Protective Order entered in the case of *Beijar v. Stanley Fastening Systems, L.P.*, Case No. 04-10233-RCL, in the United States District Court for the District of Massachusetts. I hereby agree not to disclose any confidential documents or information contained therein in any manner, to anyone not also bound by the terms of the Protective Order. I agree that the confidential documents and information disclosed to me shall be used only for the purpose of the case referenced herein. I also agree to return all confidential documents and information, and all copies of such documents and information, to counsel for the party that disclosed these documents and information at the completion or termination of this case.

The confidential documents and information that I have received are as follows:

I received these confidential documents from _____ on _____.

I hereby consent to the jurisdiction of the United States District Court for the District of Massachusetts for purposes of enforcing the Protective Order and this Non-Disclosure Agreement. I understand that violation of the Protective Order and/or this Non-Disclosure Agreement may lead to sanctions, contempt of court, or other penalties as determined by the United States District Court for the District of Massachusetts.

Signed: _____

Print Name: _____

Date: _____