UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.: 04-10233-RCL

JONATHAN BEIJAR,

      Plaintiff,

v.

STANLEY FASTENING SYSTEMS, L.P.

      Defendant.

## ANSWER AND JURY DEMAND TO AMENDED COMPLAINT

### INTRODUCTION

The statements made in the introduction do not comply with Mass. R. Civ. P. 8(a) and therefore require no response from Stanley Fastening Systems, L.P. ("Stanley"). To the extent an answer is required, Stanley denies the statements in this paragraph entirely.

### PARTIES

1. Stanley lacks sufficient information to admit or deny the allegations contained in Paragraph 1 of the Amended Complaint.

2. Stanley admits that it maintains a facility at Route 2, Briggs Drive, East Greenwich, Rhode Island, but denies the remaining allegations in this paragraph. Stanley admits that it does business, and has distributed and continues to distribute products, in the Commonwealth.

3. Denied.

### JURISDICTION

4. Stanley admits that jurisdiction is proper in this case but denies the allegations in this paragraph in all other respects.

5. Stanley lacks sufficient information to admit or deny the allegations contained in Paragraph 5 of the Amended Complaint.

6. Admitted. **[True? Need to check Stanley binder or with client to confirm.]**

7. Stanley admits that the plaintiffs claims damages in excess of $75,000, and that it and the plaintiff are citizens of different states. Stanley denies the remaining allegations contained in this paragraph.

8. Admitted.

## FACTS

9. Stanley lacks sufficient information to admit or deny the allegations contained in Paragraph 9 of the Amended Complaint.

10. Denied.

11. Stanley lacks sufficient information to admit or deny the allegations contained in Paragraph 11 of the Amended Complaint.

12. Stanley lacks sufficient information to admit or deny the allegations contained in Paragraph 12 of the Amended Complaint.

13. Denied.

14. Denied.

15. Stanley denies that it manufactures or sells "nail guns." Stanley lacks sufficient information to admit or deny the remaining allegations in this paragraph.

16. Stanley denies that it manufactures or sells "nail guns." Stanley admits that it designs, inspects, manufactures, assembles, tests, markets, distributes and sells pneumatic nailers, and admits that its products are accompanied by proper and sufficient instructions and warnings. Stanley lacks sufficient information to admit or deny the remaining allegations in this paragraph.

17. Stanley denies that it manufactures or sells "nail guns." Stanley admits that it designs, manufactures, assembles, markets, tests and distributes pneumatic nailers. Stanley lacks sufficient information to admit or deny the remaining allegations in this paragraph.

18. Denied.

19. Stanley denies that it manufactures or sells "nail guns." Stanley admits that in some states warranties are implied by law and Stanley states that the tool owned by plaintiff's employer complied with all warranties. Stanley denies the remaining allegations in this paragraph.

20. Denied.

21. Denied.

22. Denied.

23. Stanley denies that it manufactures or sells "nail guns." Stanley admits that it marketed, sold and distributed pneumatic tools for use by the general public. Stanley lacks sufficient information to admit or deny the remaining allegations in this paragraph.

24. Denied.

25. Denied.

26. Denied.

27(a)-(g).   Stanley lacks sufficient information to admit or deny the allegations contained in Paragraph 27(a)-(g) of the Amended Complaint.

28. Denied.

29. Stanley states that this paragraph contains a legal allegation that does not require a response. Stanley neither admits nor denies the allegations in this paragraph and calls upon the plaintiff to prove them if material.

30. Stanley admits that it received a letter from the plaintiff's attorney purporting to make a demand pursuant to Massachusetts General Laws Chapter 93A, dated January 21, 2004. Stanley denies the remaining allegations in this paragraph.

31. Stanley admits that no offer was, or is, made because none was required. Stanley denies the remaining allegations in this paragraph.

32. Denied.

33. Denied.

34. Denied.

35. Stanley admits that no offer was made because none was required. Stanley denies the remaining allegations in this paragraph.

36. Denied.

37. Denied.

## CAUSES OF ACTION

### First Cause of Action - Negligence

38. Stanley repeats its responses to Paragraphs 1-37 of the Amended Complaint.

39. Stanley states that this paragraph contains a legal allegation that does not require a response. To the extent an answer is required, Stanley denies any negligence, and further states that it lacks sufficient information to admit or deny the remaining allegations in this paragraph.

### Second Cause of Action - Breach of Implied Warranty of Merchantability

40. Stanley repeats its responses to Paragraphs 1-39 of the Amended Complaint.

41. Stanley states that this paragraph contains a legal allegation that does not require a response. To the extent an answer is required, Stanley denies it breached any warranties.

### Third Cause of Action - Breach of Implied Warranty of Fitness for a Particular Purpose

42. Stanley repeats its responses to Paragraphs 1-41 of the Amended Complaint.

43. Stanley states that this paragraph contains a legal allegation that does not require a response. To the extent an answer is required, Stanley denies it breached any warranties.

### Fourth Cause of Action

44. Stanley repeats its responses to Paragraphs 1-43 of the Amended Complaint.

45. Stanley states that this paragraph contains a legal allegation that does not require a response. To the extent an answer is required, Stanley denies it engaged in any unfair and deceptive acts or practices.

### Fifth Cause of Action

46. Stanley repeats its responses to Paragraphs 1-45 of the Amended Complaint.

47. Stanley states that this paragraph contains a legal allegation that does not require a response. To the extent an answer is required, Stanley denies it committed any knowing and willful violation of Massachusetts General Laws Chapter 93A, and denies that the plaintiff is entitled to treble damages.

## Sixth Cause of Action

48. Stanley repeats its responses to Paragraphs 1-47 of the Amended Complaint.

49. Stanley states that this paragraph contains a legal allegation that does not require a response. To the extent an answer is required, Stanley denies it failed to tender a reasonable offer of settlement pursuant to Massachusetts General Laws Chapter 93A.

## DEMAND FOR RELIEF

A. Stanley denies that the plaintiff is entitled to the relief sought as to Counts (Causes of Action) One, Two, and Three.

B. Stanley denies that the plaintiff is entitled to the relief sought as to Counts (Causes of Action) Four, Five, and Six.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

Plaintiff's injuries were caused by his own negligence. Wherefore, plaintiff's recovery is barred or is subject to reduction.

### THIRD DEFENSE

Plaintiff's injuries were caused by the intervening and superseding acts or omissions of others which were not reasonably foreseeable to Stanley at the time of sale and which are the sole proximate cause of plaintiff's injuries.

## FOURTH DEFENSE

Plaintiff unreasonably used a product known to be in a defective and dangerous condition and, therefore, his recovery is barred.

## FIFTH DEFENSE

Plaintiff was not using the product in a reasonably foreseeable manner at the time of the alleged injury. Wherefore, recovery by the plaintiff is barred.

## SIXTH DEFENSE

Plaintiff is barred from recovery under his Second and Third Causes of Action (Counts) because he failed to provide reasonable, prompt notice to Stanley of the alleged defect in the product or of the alleged injury, and Stanley has been prejudiced thereby.

## SEVENTH DEFENSE

Plaintiff is barred from recovery because the sole proximate cause of his damages lies with a party other than Stanley, for whose conduct Stanley is not legally responsible.

## EIGHTH DEFENSE

Plaintiff is barred from recovery because he failed to maintain or protect the product and other important evidence, and Stanley has been prejudiced thereby.

## NINTH DEFENSE

Plaintiff is barred from recovery under his Fourth, Fifth, and Sixth Causes of Action (Counts) for failure to submit a proper demand letter pursuant to Massachusetts General Laws Chapter 93A.

## TENTH DEFENSE

Plaintiff's recovery under this Forty Fifth and Sixth Causes of Action (Counts) are barred by the statute of limitations and do not relate back to the date of filing the complaint under Fed. R. Civ. P. 15(c).

## JURY DEMAND

Stanley hereby demands a jury trial on all issues so triable.

WHEREFORE, Stanley requests that this Court:

1. Order judgment entered for this defendant; and

2. Grant such other relief and further relief as the Court deems just and proper.

Respectfully submitted,
Stanley Fastening Systems, L.P.,
By its attorneys,

_____
Christopher A. Duggan
BBO No. 544150
David G. Braithwaite
BBO No. 634013
Smith & Duggan LLP
Two Center Plaza
Boston, MA  02108
(617) 228-4400

Lincoln North
55 Old Bedford Road
Lincoln, MA 01773
(617) 228-4400

Dated: June 17, 2004

## CERTIFICATE OF SERVICE

I, Christopher A. Duggan, hereby certify that I have caused a copy of the Answer and Jury Demand to Amended Complaint to be served upon Scott W. Lang, Esq., Lang, Xifaras & Bullard, 115 Orchard Street, New Bedford, Massachusetts 02740 by first-class mail on June 12, 2004.

_____
Christopher A. Duggan