UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Civil Action No. 04-10233-RCL

JONATHAN BEIJAR
    Plaintiff

v.

STANLEY FASTENING SYSTEMS, L.P.
    Defendant

### STANLEY FASTENING SYSTEMS, L.P.'s
### MOTION FOR SUMMARY JUDGMENT

Pursuant to Fed. R. Civ. P. 56, Stanley Fastening Systems, L.P. ("Stanley") moves that judgment enter in its favor on all causes of action asserted in the plaintiff's amended complaint. As grounds therefor, Stanley states:

1. Stanley is entitled to summary judgment in this product liability action because plaintiff Jonathan Beijar ("Beijar") can prove no facts to support his theory of liability. *Celotex v. Catrett*, 477 U.S. 317, 325 (1986).

2. According to the eyewitness testimony of three individuals, Beijar pulled the air hose of a pneumatic nailer manufactured by Stanley that was resting on an overhead scaffold, causing the nailer to fall towards his chest. Beijar grabbed the nailer by the handle, pulled it towards his chest, and depressed the trigger as the tip of the nailer hit his chest, causing the tool to drive a nail into his sternum. In so doing, Beijar violated the express instructions of the manufacturer not to pull the nailer by the hose. Beijar, himself, admitted that pulling a nailer by its air hose was dangerous and was a misuse of the nailer.

3.  Beijar, however, offered a completely different version of events than the three eyewitnesses. He testified that the nailer fell off of the scaffold for no apparent reason, and that he caught it by the air hose as it moved towards him. Beijar swore that he never touched the handle or the trigger after he grabbed the air hose about 18 inches above the handle and held his right arm and elbow straight out away from him, but the tool cycled and drove a nail anyway.

4.  Beijar has retained an "expert," Igor Paul, who, in deposition, admitted that Beijar's story is impossible. Paul tested the product and found that it could not drive a nail unless both a safety on the tip of the tool was depressed and the trigger was pulled – precisely as designed by Stanley. Paul agrees that the accident could not have occurred unless Beijar both pulled the trigger and depressed the safety on the tip of the tool against his chest.

5.  In an attempt to resurrect this case, Paul fashioned his own version of the accident that is unsupported by any of the facts or witnesses. Essentially, Paul admits that the accident could not have happened as described by Beijar, but he rejects, also, the version of the other eyewitnesses because their version does not support a finding for the plaintiff. But the law is clear that an expert cannot base his opinion on speculation or unsupported hypotheses. *See Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993); *Kumho Tire Co., Ltd., v. Carmichael*, 526 U.S. 137 (1999); *Cipollone v. Yale Indus. Products, Inc.*, 202 F.3d 376 (1st Cir. 2002). Without Paul's theories, even the plaintiff admits his case against Stanley must fail.

6.  Because plaintiff's expert, Igor Paul, cannot assign a defect to the nailer by means of either Beijar's testimony or the other eyewitness testimony, and instead posited

hypotheses with made-up facts that directly contradict the facts described by the four men present at the time of the accident, Beijar has failed to identify any competent or reliable expert testimony that will support his claims. Paul's proposed testimony should be excluded.

7. Because plaintiff cannot offer competent, reliable or relevant expert testimony as required by *Daubert*, 509 U.S. at 597 and its progeny, Stanley requests that judgment enter on its behalf on the plaintiff's breach of warranty claims, negligence claim, and dependent M.G.L. ch. 93A claims.

8. Stanley also moves for summary judgment on the warranty causes of action on the grounds that it was prejudiced by late notice. Beijar did not notify Stanley of the February 1, 2001 incident until his attorney sent a letter dated January 21, 2004. Beijar, however, told two newspaper reporters less than a week after the incident that he intended to sue the nailer manufacturer.

9. For these reasons and those set forth in Stanley's accompanying memorandum of law, Stanley's statement of undisputed material facts, and the Transmittal Affidavit of Christopher A. Duggan, Stanley respectfully requests that its motion be allowed.

### REQUEST FOR ORAL ARGUMENT

Believing that oral argument would be of assistance to the Court, Stanley respectfully requests the opportunity to be heard on its motion.

>RESPECTFULLY SUBMITTED,
>Stanley Fastening Systems, L.P.,
>By their attorneys,
>
>*/s/ Christopher A. Duggan*
>Christopher A. Duggan
>BBO #544150
>David G. Braithwaite
>BBO #634013
>SMITH & DUGGAN LLP
>Two Center Plaza
>Boston, MA 02108
>(617) 248-1900

Dated:   October 21, 2005

## CERTIFICATE OF SERVICE

The undersigned certifies service of the foregoing on October 21, 2005 in accordance with Federal Rule of Civil Procedure 5(b)(2) and United States District Court for the District of Massachusetts Electronic Case Filing Administrative Procedure § E(2) as to all parties, having appeared in this action through counsel admitted to practice before this Court, identified by the Clerk as receiving Notice of Electronic Filing.

*Counsel for Defendant Stanley Fastening Systems, L.P.*

>*/s/ David G. Braithwaite*
>David G. Braithwaite
>BBO #634013

4