UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

JONATHAN BEIJAR                                                Civil Action No. 04-10233-RCL

      Plaintiff

v.

STANLEY FASTENING SYSTEMS, L.P.
      Defendant

### STANLEY FASTENING SYSTEMS, LP's MOTION TO EXCLUDE THE PROPOSED EXPERT TESTIMONY OF IGOR PAUL

Stanley Fastening Systems, L.P. ("Stanley") now moves to exclude plaintiff's trial expert Igor Paul's ("Paul") proffered testimony, on the grounds that it is speculative, unreliable, immaterial and contrary to the unrefutted evidence developed through discovery. *See Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993); *Kumho Tire Co., Ltd., v. Carmichael*, 526 U.S. 137 (1999); *Cipollone v. Yale Indus. Prod., Inc.*, 202 F.3d 376 (1st Cir. 2002) (subjective belief or unsupported speculation are not admissible under the *Daubert* standard.)

Indeed, Paul's proposed testimony suffers from three fatal flaws because (1) his opinion is based upon assumptions that are contrary to the undisputed testimony; (2) his reconstruction of the accident is based upon a series of fabrications that are contrary to all of the testimony, including that of his own client Mr. Beijar; and (3) his unsupported opinions are no more than a guess with no basis in fact or in science. *See Brown v. Wal-Mart Stores, Inc.*, 2005 U.S. Dist. LEXIS 31456 (Me. 2005) (expert testimony excluded where opinion was not based upon reliable scientific principles and methods).

With no factual basis to support his opinion, Paul's opinion is so fundamentally unsupported that it can offer no assistance to the jury and must be excluded on foundational grounds.  *See Cipollone v. Yale Indus. Prod., Inc.*, 202 F.3d 376, 380 (1st Cir. 2000) (expert testimony excluded because expert described scenario that did not cause injury to plaintiff); *Bogosian v. Mercedes-Benz of North America, Inc.*, 104 F.3d 472, 479 (1st Cir. 1996) (expert opinion excluded because it did not rest upon a reliable factual and methodological foundation).

For these reasons and those set forth in Stanley's accompanying memorandum of law, Stanley respectfully requests that its motion be allowed.

Believing that oral argument would be of assistance to the Court, Stanley respectfully requests the opportunity to be heard.

                                          Respectfully submitted,

                                          Stanley Fastening Systems, L.P.
                                          By its Attorneys,

                                          */s/ Christopher A. Duggan*
                                          Christopher A. Duggan, BBO No. 544150
                                          Smith & Duggan LLP
                                          Lincoln North
                                          55 Old Bedford Road
                                          Lincoln, MA 01773
                                          (617) 228-4400

Dated:  January 30, 2006

## CERTIFICATE OF SERVICE

The undersigned certifies service of the foregoing on January 30, 2006 in accordance with Federal Rule of Civil Procedure 5(b)(2) and United States District Court for the District of Massachusetts Electronic Case Filing Administrative Procedure § E(2) as to all parties, having appeared in this action through counsel admitted to practice before this Court, identified by the Clerk as receiving Notice of Electronic Filing.

*Counsel for Defendant Stanley Fastening Systems*

3

Case 1:04-cv-10233-RCL    Document 28    Filed 01/30/2006    Page 3 of 3

3