# EXHIBIT 1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-10233-RCL

JONATHAN BEIJAR,

           Plaintiff

v.

STANLEY FASTENING SYSTEMS, L.P.
           Defendant

## AMENDED COMPLAINT

### INTRODUCTION

The Plaintiff, Jonathan Beijar's claims against the Defendant, Stanley Fastening Systems, L.P., are brought pursuant to Massachusetts General Laws, Chapter 152, Section 15 for a personal injury sustained on February 1, 2001. The Plaintiff claims that this injury, caused by a roofing nail spontaneously fired by a nail gun, through his sternum, piercing his right ventricle and lodging into his heart, was the direct and proximate result of the negligent conduct of the Defendant, Stanley Fastening Systems, L.P., the Defendant, Stanley Fastening Systems, L.P.'s breach of warranties, the defective condition of the Defendant, Stanley Fastening Systems, L.P.'s product, and the Defendant, Stanley Fastening Systems, L.P.'s unfair and deceptive acts and practices in the conduct of trade or commerce.

### PARTIES

1. The Plaintiff, Jonathan Beijar, resides at 17 Willis Street, New Bedford, Bristol County, Massachusetts.

2. The Defendant, Stanley Fastening Systems, L.P. is a limited partnership

organized in Connecticut and authorized to do business in Massachusetts, with a business address at Route 2, Briggs Drive, East Greenwich, Rhode Island and a principal place of business in New Britain Connecticut. The Defendant, Stanley Fastening Systems, L.P., was at all material times doing business within the Commonwealth of Massachusetts. The Defendant, Stanley Fastening Systems, L.P., at all material times, has distributed and continues to distribute, products in the Commonwealth of Massachusetts.

3. This Complaint is being brought pursuant to Massachusetts General Laws, Chapter 152, Section 15.

## JURISIDICTION

### JURISDICTION

4. Personal jurisdiction exists over the Defendant pursuant to 28 U.S.C., § 1332.

5. The Plaintiff is and was at all times relevant hereto, domiciled in and a citizen of the Commonwealth of Massachusetts.

6. The Defendant is and was at all times relevant hereto, a limited partnership organized in Connecticut and with a principal place of business in New Britain, Connecticut.

7. This action is of a civil nature involving, exclusive of interest, a sum in excess of $75,000. Every issue of law and fact herein is wholly between citizens of different states.

8. Venue in the United States District Court, District of Massachusetts is proper pursuant to 28 U.S.C., § 1391. The events giving rise to this action occurred in the District of Massachusetts.

3

## FACTS

9. On or about February 1, 2001, the Plaintiff, Jonathan Beijar, was working as an employee for Care Free Homes, Inc., as a laborer, and performing his duties in Barnstable, Massachusetts.

10. On or about February 1, 2001, the Plaintiff, while in the exercise of due care, while working, was severely injured, when a nail gun (hereinafter referred to as "the nail gun") fell from an overhead staging plank as the Plaintiff was walking on the ground in the area below the staging. As the Plaintiff attempted to avoid being struck by the nail gun, the barrel of the nail gun struck the Plaintiff's chest and spontaneously discharged, firing a three and a half inch roofing nail through his sternum, piercing his right ventricle, and lodging into his heart.

11. The Plaintiff was rushed to Cape Cod Hospital, and from there was airlifted to Boston Medical Center.

12. He underwent emergency open heart surgery at Boston Medical Center.

13. The Plaintiff was disabled from February 1, 2001 until he returned to work in the fall of 2003.

14. The Plaintiff received Workers' Compensation benefits under Massachusetts General Laws, Chapter 152, as a result of the February 1, 2001 accident.

15. The nail gun bore a label stating, "Bostitch, Stanley Fastening Systems, Briggs Drive, East Greenwich; Collation Type: Wire Weld; Fastener Length: 2"-3-1/2"."

16. The Defendant, Stanley Fastening Systems, L.P., Stanley Fastening Systems, L.P., designed, developed, inspected, assembled, tested, manufactured, marketed, distributed, sold and provided instructions and warnings for the nail

4

gun.

17. The Defendant, Stanley Fastening Systems, L.P., was and is a merchant with respect to the nail gun, having for a long period of time been in the business of designing, developing, inspecting, assembling, testing, manufacturing, marketing, distributing, selling and providing instructions and warnings for the product which injured the Plaintiff.

18. The Defendant, Stanley Fastening Systems, L.P., was negligent and/or careless with respect to the Plaintiff in that the nail gun or its component parts were negligently and carelessly developed, designed, inspected, assembled, marketed, sold, distributed, tested, serviced, maintained, repaired and provided with instructions and warnings.

19. The Defendant, Stanley Fastening Systems, L.P., its servants, agents, or employees under persons for whom it is and/or was legally responsible, impliedly warranted that the nail gun and its component parts were safe, of merchantable quality, and fit for any ordinary or reasonable purpose contemplated for their use.

20. The Defendant, Stanley Fastening Systems, L.P., had reason to know the particular purpose for which the goods were required and that the Plaintiff was relying on the Defendant, Stanley Fastening Systems, L.P.'s skill and judgment to furnish such goods.

21. The Defendant, Stanley Fastening Systems, L.P., knew or should have known that the nail gun and its component parts were not safe and of merchantable quality, were defective, and were not fit for their particular purpose, which defect could not have been reasonably discovered by the Plaintiff.

5

22. The Defendant, Stanley Fastening Systems, L.P., knew or should have known that the nail gun or its component parts were of a dangerous nature and in a dangerous condition.

23. The Defendant, Stanley Fastening Systems, L.P., marketed, sold or distributed the nail gun in a manner that it foresaw or should have foreseen would likely bring the nail gun into contact with a person such as the Plaintiff.

24. The Defendant, Stanley Fastening Systems, L.P., had a duty to ensure that the nail gun would not discharge without being deliberately engaged to discharge.

25. The particular purpose for the nail gun was known to the Defendant, Stanley Fastening Systems, L.P.

26. As a direct and proximate result of the negligence, carelessness, and breaches of warranty of the Defendant, Stanley Fastening Systems, L.P., on or about February 1, 2001, the Plaintiff, Jonathan Beijar, sustained serious personal injuries.

27. As a direct and proximate result of the injuries that he sustained in the February 1, 2001 industrial accident, the Plaintiff (a) was caused to incur and will continue to incur substantial medical expenses; (b) was caused to be disabled and will continue to be disabled in the future; (c) was caused and will continue to be caused great pain of body and mind; (d) was caused to be disfigured and will continue to be disfigured in the future; (e) was caused and will continue to be caused to be unable to work and to suffer a loss of earning capacity and lost wages; (f) was caused to incur significant out of pocket expenses; and (g) was caused and will continue to be caused curtailment of normal activities and loss of

6

his enjoyment of life.

28. Due notice has been given to the Defendant, Stanley Fastening Systems, L.P., of any and all breaches of warranty.

29. At all times relevant hereto, the Defendant, Stanley Fastening Systems, L.P., was engaged in trade or commerce in Massachusetts, within the meaning of Massachusetts General Laws, Chapter 93A.

30. On January 21, 2004, the Plaintiff, by his attorney, sent a written demand for relief to the Defendant, Stanley Fastening Systems, L.P., pursuant to Massachusetts General Laws Chapter 93A. (A copy of the Plaintiff's demand letter is attached as Exhibit 1 hereto and incorporated herein by reference).

31. The Defendant, Stanley Fastening Systems, L.P., has failed to make a reasonable offer of relief to the Plaintiff.

32. The Defendant, Stanley Fastening Systems, L.P., in breaching its warranties to the Plaintiff that the product and its component parts were merchantable, safe and fit for a particular purpose, committed unfair and deceptive acts and practices, in violation of Massachusetts General Laws Chapter 93A.

33. The actions of the Defendant, Stanley Fastening Systems, L.P., described herein were performed willfully and knowingly.

34. As a direct and proximate result of the above-described unfair and deceptive acts and practices of the Defendant, Stanley Fastening Systems, L.P., the Plaintiff has been significantly damaged and is further entitled to multiple damages and attorneys' fees.

35. At no time has the Defendant, Stanley Fastening Systems, L.P., offered any

7

reasonable settlement or conformed with the requirements established under Massachusetts General Laws Chapter 93A.

36. The refusal to grant relief by the Defendant, Stanley Fastening Systems, L.P., has been made in bad faith, with knowledge or reason to know that the Defendant, Stanley Fastening Systems, L.P., had acted in violation of Massachusetts General Laws Chapter 93A.

37. As a direct and proximate result of the above-described unfair and deceptive acts and practices, the Plaintiff was forced to obtain the services of an attorney and is entitled to be compensated for attorneys' fees under Massachusetts General Laws Chapter 93A.

## CAUSES OF ACTION

### First Cause of Action - Negligence

38. The Plaintiff, Jonathan Beijar, repeats and realleges the allegations contained in paragraphs 1 through 37 of the Complaint, incorporating them herein by reference.

39. This is an action by the Plaintiff, Jonathan Beijar, against the Defendant, Stanley Fastening Systems, L.P., for negligence for damages suffered by Jonathan Beijar, including but not limited to, conscious pain and suffering and great pain of body and mind, lost wages, loss of earning capacity, medical expenses, and loss of enjoyment of life.

### Second Cause of Action – Breach of Implied Warranty of Merchantability

40. The Plaintiff, Jonathan Beijar, repeats and realleges the allegations contained in paragraphs 1 through 39 of the Complaint, incorporating them herein by

8

reference.

41. This is an action by the Plaintiff, Jonathan Beijar, against the Defendant, Stanley Fastening Systems, L.P., for breach of an implied warranty of merchantability.

### Third Cause of Action – Breach of Implied Warranty of Fitness for a Particular Purpose

42. The Plaintiff, Jonathan Beijar, repeats and realleges the allegations contained in paragraphs 1 through 41 of the Complaint, incorporating them herein by reference.

43. This is an action by the Plaintiff, Jonathan Beijar, against the Defendant, Stanley Fastening Systems, L.P., for breach of an implied warranty of fitness for a particular purpose resulting in the injury of the Plaintiff, Jonathan Beijar.

### Fourth Cause of Action

44. The Plaintiff, Jonathan Beijar, repeats and realleges the allegations contained in paragraphs 1 through 43 of the Complaint, incorporating them herein by reference.

45. This is an action by the Plaintiff, Jonathan Beijar, against the Defendant, Stanley Fastening Systems, L.P., for damages arising out of unfair and deceptive acts or practices of the Defendant, Stanley Fastening Systems, L.P., pursuant to Massachusetts General Laws Chapter 93A.

### Fifth Cause of Action

46. The Plaintiff, Jonathan Beijar, repeats and realleges the allegations contained in paragraphs 1 through 45 of the Complaint, incorporating them herein by reference.

47. This is an action by the Plaintiff, Jonathan Beijar, against the Defendant, Stanley

9

Fastening Systems, L.P., for treble damages arising out of a knowing and willful violation by the Defendant, Stanley Fastening Systems, L.P., of Massachusetts General Laws Chapter 93A.

Sixth Cause of Action

48. The Plaintiff, Jonathan Beijar, repeats and realleges the allegations contained in paragraphs 1 through 47 of the Complaint, incorporating them herein by reference.

49. This is an action by the Plaintiff, Jonathan Beijar, against the Defendant, Stanley Fastening Systems, L.P., for treble damages arising out of the failure to tender a reasonable offer of settlement pursuant to Massachusetts General Laws Chapter 93A.

## DEMAND FOR RELIEF

A.  The Plaintiff, Jonathan Beijar, demands judgment against the Defendant, Stanley Fastening Systems, L.P., in an amount which will fairly and adequately compensate him for his damages, plus interest, costs, and such other relief as the Court may deem appropriate, as to Counts One, Two and Three.

B.  The Plaintiff, Jonathan Beijar, demands judgment in his favor and against the Defendant, Stanley Fastening Systems, L.P., for substantial damages, plus double or treble damages, interest, costs, reasonable attorneys' fees, and for such other and further relief as the Court may deem proper, as to Counts Four, Five and Six.

## JURY CLAIM

THE PLAINTIFF CLAIMS A TRIAL BY JURY.

10

                                  JONATHAN BEIJAR
                                  By his attorney,

                                  _____
                                  Scott W. Lang, Esquire, BBO #285720
                                  Lang, Xifaras & Bullard
                                  115 Orchard Street
                                  New Bedford, MA 02740
Dated: April 29, 2004                 (508) 992-1270

# Exhibit 1

LAW OFFICES

# LANG, XIFARAS & BULLARD

115 ORCHARD STREET
NEW BEDFORD, MASSACHUSETTS 02740

TELEPHONE (508) 992-1270
FAX (508) 993-8696
WWW.LXB-NEWBEDFORD.COM
EMAIL: MAIL@LXB-NEWBEDFORD.COM

SCOTT W. LANG * °
MARGARET D. XIFARAS * #
PETER C. BULLARD *

SUSAN FORGUE WEINER *
JENNIFER L. DAVIS *

OF COUNSEL
WILLIAM M. STRAUS *·
GEORGE C. PERKINS *·
JOSEPH B. MCINTYRE *

ADMITTED TO PRACTICE
* MASSACHUSETTS
° DISTRICT OF COLUMBIA
• VIRGINIA
# FLORIDA

OF COUNSEL
HON. JOHN M. XIFARAS *
RETIRED JUSTICE OF THE SUPERIOR COURT

**BY CERTIFIED AND REGULAR MAIL
RETURN RECEIPT REQUESTED**

January 21, 2004

General Partner
Stanley Fastening Systems, L.P.
Route 2, Briggs Drive
East Greenwich, RI 02818

Dear Sir or Madam:

Re:   <u>Breach of Warranty on Bostitch Framing Nail Gun</u>
  Claimant: Jonathan Beijar
  Injury Date: February 1, 2001
  Product: Bostitch Framing Nail Gun

I am writing to you on behalf of my client, Jonathan Beijar, regarding Stanley Fastening Systems, L.P.'s unfair and deceptive conduct in breaching warranties associated with the design, manufacture and sale of its Bostitch framing nail gun. Please be advised that this is a written demand for relief pursuant to Mass. Gen. L. c. 93A.

On February 1, 2001, Mr. Beijar was severely injured when a Bostitch framing nail gun[1] fell from an overhead plank at a construction site and struck his chest,

---

[1] The framing nail gun bore a label stating "Bostitch, Stanley Fastener Systems, Briggs Drive, East Greenwich; Collation Type: Wire Weld; Fastener Length: 2"-3-1/2". The label also

as he was walking in the area below the plank. Upon making contact with Mr. Beijar's chest, the nail gun spontaneously discharged, firing a three and a half inch roofing nail through his sternum, piercing his right ventricle, and lodging into his heart.

At the time of his injuries, Mr. Beijar was working as a laborer on a home construction site at Oyster Harbors, Osterville, Massachusetts. The nail gun was owned by his employer, Care Free Homes, Inc., of 239 Huttleston Avenue, Fairhaven, Massachusetts.

Mr. Beijar's injuries resulted from defects in the manufacture and design of the nail gun, as well as (a) in the manner in which it was sold, (b) its development, inspection, assembly, testing, marketing, and distribution, and (c) in the provision of instructions and warnings for it. Specifically, the nail gun was inadequately guarded for safety, did not contain sufficient warnings regarding the dangers surrounding its use, was designed in a manner that permitted a nail to release without an intentional release of the trigger, and was designed, manufactured, marketed, distributed, developed, inspected, assembled, and sold in a manner that placed its users at undue risk of injury.

Stanley Fastening Systems, L.P. has violated Massachusetts General Laws Chapter 93A in the following respects, among others:

1. by manufacturing, designing, developing, inspecting, assembling, testing, marketing, distributing, providing instructions and/or warnings for, and/or selling, a product that was not merchantable, safe, or fit for a particular purpose, which was known to it; and

2. by breaching both express and implied warranties for the nail gun.

Upon information and belief, Stanley Fastening Systems, L.P.'s acts and omissions were performed willfully and knowingly. As such, please be advised that my client has a prospective cause of action under Massachusetts General Laws Chapter 93A, Section 9.

As a direct and proximate result of the above-described unfair and deceptive acts and practices, Mr. Beijar (a) has sustained serious injuries to his heart and chest; (b) has undergone extensive medical treatment and, to date, has incurred medical bills exceeding $7,700; (c) was caused to be disabled and will continue to be disabled in the future; (d) was caused and will continue to be caused great pain of body and mind; (e) was caused to be disfigured and will continue to be disfigured in the future; (f) was caused to be unable to work for two and a half years; (g) was caused to suffer a loss of earning capacity and lost wages; (h) was caused to incur significant out of pocket expenses; and (i) was caused and

---

contained information regarding the fastener shank. The fastener shank information is somewhat illegible, but appears to state 'Fastener Shank DIA: .113" - .131".'

will continue to be caused curtailment of normal activities and loss of his enjoyment of life.

In light of the above-described circumstances, demand is hereby made upon Stanley Fastening Systems, L.P. to pay my client $250,000 to compensate him for his injuries and losses.

Under Massachusetts General Laws, Chapter 93A, you have thirty (30) days from your receipt of this letter to respond with a reasonable offer of settlement. If you fail to do so, the statute provides that you will be liable for multiple damages and reasonable attorney fees incurred by Mr. Beijar for the prosecution of this action.

Sincerely,

Scott W. Lang
SWL/jld

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

A. Signature
X _illegible_   ☐ Agent   ☐ Addressee

B. Received by (Printed Name): Scott Pryor

C. Date of Delivery: 1/22/04

1. Article Addressed to:

General Partner
Stanley Fastening Systems, L.P.
Route 2, Briggs Drive
East Greenwich, RI 02818

D. Is delivery address different from item 1? ☐ Yes ☐ No
If YES, enter delivery address below:

3. Service Type
☒ Certified Mail   ☐ Express Mail
☐ Registered   ☐ Return Receipt for Merchandise
☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number (Transfer from service label): 7003 1010 0004 6259 6011

PS Form 3811, August 2001   Domestic Return Receipt   102595-02-M-1540

---

UNITED STATES POSTAL SERVICE

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

• Sender: Please print your name, address, and ZIP+4 in this box •

Scott W. Lang, Esquire
Lang, Xifaras & Bullard
115 Orchard Street
New Bedford, MA 02740

5255

16

---

**U.S. Postal Service**
**CERTIFIED MAIL**₮ₘ **RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com®

7003 1010 0004 6259 6011

EAST GREENWICH, RI 02818   OFFICIAL USE

| | | |
|---|---|---|
| Postage | $ 0.37 | UNIT ID: 0102 |
| Certified Fee | 2.30 | |
| Return Reciept Fee (Endorsement Required) | 1.75 | Postmark Here |
| Restricted Delivery Fee (Endorsement Required) | | Clerk: KKCF4T |
| Total Postage & Fees | $ 4.42 | 01/21/04 |

Sent To: General Partner Stanley Fastening Systems, L.P.
Street, Apt. No. or PO Box No.: Route 2, Briggs Drive
City, State, ZIP+4: East Greenwich, RI 02818