# EXHIBIT 6

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JONATHAN BEIJAR, <br><br> Plaintiff, <br><br> v. <br><br> STANLEY FASTENING SYSTEMS, L.P., <br><br> Defendant. | Civil Action No. 04-10233-RCL |

## STANLEY FASTENING SYSTEMS, L.P.'s
## ANSWERS TO PLAINTIFF'S INTERROGATORIES

1. Please state the full name, residential address, employer, business address, and occupation of each person involved in answering these interrogatories on behalf of the defendant, identifying each interrogatory that each such person assisted in answering, and identifying all persons consulted in responding to these interrogatories, including the information that each person provided.

   **ANSWER:**

   Stanley Fastening Systems, L.P. ("Stanley") objects to this interrogatory as overly broad, unduly burdensome, and outside the scope of discovery. Stanley states that it has complied with its obligations under Fed. R. Civ. P. 33(a).

   Without waiving this objection, Stanley answers:

   Matthew B. Ponko, an agent of Stanley, is a Senior Project Engineer at Stanley Fastening Systems, L.P., Briggs Drive, East Greenwich, RI 02818. Mr. Ponko has furnished information that forms the basis of these answers to interrogatories.

2. Please identify all persons, including but not limited to the defendant and employees of the defendant, who (a) designed, (b) developed, (c) inspected, (d) assembled, (e) tested, (f) manufactured, (g) furnished component parts for, (h) marketed, (i) distributed, (j) sold, (k) promoted, or (l) provided instructions and warnings for, the product.

10. Please describe the nailer by identifying its model number, model name, serial number, and date of manufacture.

**ANSWER:**

The nailer produced by plaintiff's employer, Care Free Homes, Inc., which was identified by plaintiff as the tool involved in this accident, is a Model N79WW-1, s/n 0357 047, manufactured on December 22, 2000.

11. Please state whether the defendant or anyone on its behalf conducted any tests on the product either before or after February 1, 2001 relating to any of the following:

    a. the operation of the trigger, contact trip, and air hose mechanisms;
    b. the processes and mechanisms by which nails could be discharged from the product;
    c. any dangers associated with leaving the product unattended; and
    d. whether a nail could discharge from the product without the purposeful engagement of the trigger.

**ANSWER:**

Stanley objects to this interrogatory as irrelevant, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the extent that it seeks all information regarding every test ever performed on the N79WW. The N79WW and its component parts have undergone extensive testing on a wide range of issues. Stanley further objects to this interrogatory as not reasonably limited in time or scope to the extent that it is not limited to specific alleged defects in the N79WW.

Without waiving this objection, Stanley answers:

(a-d). Before sale, the N79WW was subjected to a great deal of testing. Note, however, that Stanley does not sell air hoses, so it has no responsive information on that point.

In the development process, each component part is subjected to many tests relating to durability, functionality and performance, among other things. After assembly, each tool is tested before it is sold.

The tool was also tested after the accident, after Mr. Beijar brought this lawsuit almost three years after the accident. Despite the fact that Care Free Homes continued to use the product with satisfaction for years after the accident, it still functioned correctly when Stanley tested it in 2004. A copy of this report has been produced to the Plaintiff's lawyer.

## CERTIFICATE OF SERVICE

I hereby certify that I have caused a copy of the foregoing document to be served upon counsel of record as listed below:

Scott W. Lang, Esq.
Lang, Xifaras & Bullard
115 Orchard Street
New Bedford, MA 02740

by facsimile and first class mail, postage prepaid, on September 16, 2004.

_____
Christopher A. Duggan